IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OLD TOWN NORTH, LLC, | ) | Case No. 12-21164 ABC |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| PUBLIC SERVICE CREDIT UNION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 13-1025 ABC |
| | ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee, and | ) | |
| SHEAR ENGINEERING CORPORATION, | ) | |
| Defendants. | ) | |
| | ) | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee, | ) | |
| Counter-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PUBLIC SERVICE CREDIT UNION, | ) | |
| Counter-Defendant | ) | |
| _____ | ) | |

ORDER ON: (1) CROSS-MOTIONS FOR SUMMARY JUDGMENT FILED BY
PUBLIC SERVICE CREDIT UNION AND SHEAR ENGINEERING CORPORATION;
(2) MOTION FOR SUMMARY JUDGMENT FILED BY SHEAR ENGINEERING
CORPORATION; AND (3) TRUSTEE'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS

This matter is before the Court on: (1) the Motion for Summary Judgment [Docket #38], filed by Plaintiff Public Service Credit Union ("PSCU"); (2) the Cross-Motion for Summary Judgment [Docket #40] filed by Defendant Shear Engineering Corporation ("Shear"); (3) the Motion to Amend Answer and Counterclaims [Docket #49] filed by Defendant Chapter 7 Trustee Joli A Lofstedt ("Trustee:"); and (4) the Motion for Summary Judgment [Docket #53] filed by Shear. The Court has reviewed all of the foregoing motions, the various responses and replies, and the file in this matter, and finds as follows.

## Background

This adversary proceeding concerns the validity and relative priority of certain liens on property located in Fort Collins, Colorado, which, prior to bankruptcy, was owned and was being

developed by Old Town North, LLC ("Debtor").  According to the allegations in the complaint, PSCU made a $2,750,000 loan to Debtor in September, 2008, a portion of which was used to pay off a loan secured by prior deed of trust on the property for the benefit of Baum Engineering & Design, LLC ("Baum").  PSCU's loan was also secured by a deed of trust, but the property descriptions in the Baum deed of trust and PSCU's deed of trust are not the same.  On December 19, 2011, Shear filed a statement of lien, claiming a mechanics lien against property described in PSCU's deed of trust, as well as other property of the Debtor.  Ink from the notary stamp on the reverse side of Shear's statement of lien bled through to the front of the document, partially obscuring the amount claimed due.

Debtor filed for relief under Chapter 11 on May 29, 2012.  Prior to conversion of Debtor's case to Chapter 7, PSCU filed a complaint against Debtor and Shear for declaratory relief regarding the validity and relative priority of Shear's mechanics lien and PSCU's deed of trust on Debtor's property.  After conversion of the underlying case from Chapter 11 to Chapter 7, Trustee was substituted as a defendant in place of Debtor.

PSCU's complaint has two claims for relief.  First, PSCU seeks a determination that Shear's mechanics lien is junior to PSCU's deed of trust under the doctrine of equitable subrogation, by virtue of PSCU's payment of the Baum loan.  The second claim for relief seeks an order declaring that Shear's mechanics lien is invalid because it fails to contain a legible statement of the amount due.  Shear's answer and the Debtor's answer denied that PSCU was entitled to the relief it sought.  The Debtor also counterclaimed against PSCU, asserting that a portion of PSCU's lien was avoidable under 11 U.S.C. § 544.

PSCU filed a motion for summary judgment on its second claim for relief.  Shear filed a cross-motion for summary judgment on PSCU's second claim for relief, asserting that because PSCU failed to raise any other issues with respect to invalidity of Shear's lien, Shear is entitled to judgment in its favor declaring the lien valid.  Shear also filed a separate motion for summary judgment on PSCU's equitable subrogation claim, contending that the priority of its lien dates from the beginning of work on the project and pre-dates both PSCU's deed of trust and the Baum deed of trust.  Shear also argues that PSCU has failed to establish all of the elements of equitable subrogation.

The Trustee's motion to amend seeks to amend the answer and counterclaim initially filed by the Debtor to assert additional claims that Shear's mechanics lien is not valid or was not validly perfected, and that Shear's mechanics lien is avoidable.

**Undisputed Facts**

For the purposes of the rulings made in this Order, the following facts are undisputed:

1. On or about January 11, 2008, Debtor executed and delivered to Baum a promissory note in the original principal amount of $960,000 (the "Baum Note").  *Complaint, ¶ 8, Debtor's Answer, ¶ 8.*

2. The Baum Note was secured by a deed of trust recorded on June 13, 2008 ("Baum Deed of Trust"). The Baum Deed of Trust encumbered the following described property:

> Block 6, Tract JJ, Tract KK, Old Town North Subdivision, City of Fort Collins, County of Larimer, State of Colorado.

*Complaint, ¶ 9, Debtor's Answer ¶ 9.*

3. On or about September 12, 2008, Debtor executed and delivered to PSCU a promissory note in the original principal amount of $2,750,000 (the "PSCU Note"). *Complaint, ¶ 10, Debtor's Answer ¶ 10.*

4. The PSCU Note was secured by a deed of trust, recorded on September 15, 2008 (the "PSCU Deed of Trust"). The PSCU Deed of Trust contained the following property description:

> Lots M23, M24, M25, M26, M27, M28, M29, M30, M31, M32, M33 and M34, Block 4; Garage Lots G23, G24, G25, G26, G27, G28, G29, G30, G31, G32, G33 and G34, in Block 4; Lots M1, M2, M3, M4, M5 and M5 in Block 5; Garage Lots G1, G2, G3, G4, G4 and G6, Block 5; All of Blocks 1 and 6; Old Town North, County of Larimer, State of Colorado.

*Complaint, ¶ 11, Debtor's Answer ¶ 11.*

5. The proceeds from the PSCU Note were used to pay the Baum Note in full and the Baum Deed of Trust was released. *Complaint, ¶ 19, Debtor's Answer ¶ 19.*

6. On December 19, 2011, Shear recorded a Statement of Lien in the records of the Clerk and Recorded for Larimer, County, Colorado ("Shear's Mechanics Lien"). *Complaint, ¶ 12, Debtor's Answer ¶ 12, Shear's Answer ¶ 4.*

7. The property described in Shear's Mechanics Lien is

> Block 1, Old Town North, FTC, Block 6 Old Town North FTC, Tract JJ, Old Town North, FTC, Tract KK, Old Town North, FTC, Tract JJJ, Old Town North, FTC

*Complaint, Exhibit 5, Debtor's Answer ¶9, Shear's Answer ¶ 4.*

8. A true and correct copy of Shear's Mechanics Lien, as it appears in the real property records of Larimer County Colorado is attached to PSCU's Complaint as Exhibit 5. *Complaint, ¶ 12, Debtor's Answer ¶ 12, Shear's Answer ¶ 4.*

9. The digits in the thousands, hundreds, tens, and ones places in the amount due shown on Shear's Mechanic's Lien are partially obscured by ink that bled through from the notary's stamp on the reverse side of the document. The amount due in the statement of lien appears to be at least $110,000.72. *Complaint, Exhibit 5.*

      10.  The amount actually claimed due by Shear in the statement of lien that was presented for recording is $119,660.72.  *Affidavit of Brent Balik (Exhibit B to Docket #39), ¶ 5; Exhibit A to Docket #39.*

## Arguments of the Parties

### 1.  Cross-Motions for Summary Judgment on Illegibility of Lien Statement

      PSCU argues that Colorado's mechanics lien statute, at C.R.S. § 38-22-109(1)(d) requires a lien claimant to file a lien statement containing "a statement of the amount due or owing such claimant."  PSCU asserts that Shear has not complied with this statutory requirement because the amount due in Shear's Mechanic's Lien is illegible.  PSCU asserts that the mechanics' lien statutes should be strictly construed in determining the question as to whether the right to a lien exists, including whether the claimant has complied with the statutory requirements necessary to initiate the lien.  PSCU also contends that the requirement that a lien statement contain the amount due is important for the operation of the mechanics' lien statute as a whole.  For example, without it there would be no liability for filing a lien statement for greater than the amount due, and it would not be possible to determine the amount of a bond which can substitute for the lien.

      Shear first argues that PSCU has not submitted a certified copy of Shear's Mechanic's Lien or any affidavits in support of its motion for summary judgment, so PSCU's argument that the amount due on Shear's Mechanic's Lien is illegible lacks evidentiary support.  Shear asserts that the Court should determine the validity of its lien based on the full-size, color version of the lien statement which, according to the affidavit of Brent Balik, was the version presented to the clerk and recorder.  In this version, the amount of $119,660.72, though partially obscured, is easily discernable.  Shear contends that flaws in a lien statement that do not tend to deceive interested parties may be overlooked.  Shear's cross-motion for summary judgment in its favor is based on its contention that PSCU has alleged no other factual basis for the invalidity of the lien.

### 2.  Shear's Motion for Summary Judgment on Equitable Subrogation

      Shear asserts that the priority of its mechanic's lien relates back to the commencement of work on the property, and that Shear has been working on the project "since its inception, well prior to" the recording of the Baum Deed of Trust.  Accordingly, Shear argues, even if PSCU is equitably subrogated to the priority of the Baum Deed of Trust, Shear's lien is still higher in priority than PSCU's.  Additionally, Shear contends that, even if equitable subrogation applies, and if the Baum Deed of Trust had priority over Shear's lien, PSCU could be elevated in priority only with respect to property actually described in the PSCU Deed of Trust (i.e., not Tracts JJ and KK).  Finally, Shear asserts that PSCU's delay in making the equitable subrogation claim should bar it, because Shear relied to its detriment on the state of the title in continuing to provide services on the project.

      PSCU points out that Shear has not produced any evidentiary support for its assertion that work on the project began prior to the recording of the Baum Deed of Trust, and argues that the

motion should be denied on that basis. PSCU concedes that, if Shear's lien priority relates back to a date prior to June 13, 2008 (when the Baum Deed of Trust was recorded), Shear's lien would have priority regardless of PSCU's claim of equitable subrogation. PSCU also concedes that neither its deed of trust nor the Baum Deed of Trust encumbers Tract JJJ, so it does not dispute the priority of Shear's lien on that tract. Finally, PSCU argues that the provisions of its recorded deed of trust gave adequate notice to intervening lienholders of PSCU's equitable subrogation claim; accordingly Shear could not have relied to its detriment on the state of title.

### 3. Trustee's Motion to Amend Answer and Counterclaims

The Trustee seeks to amend her answer and counterclaim to add claims for a determination of the validity and priority of Shear's lien, as well as claims for avoidance of both Shear's lien and the PSCU's Deed of Trust. Shear has objected, arguing that the proposed amendment is prejudicial and futile. Shear asserts that any amendment to the Trustee's answer and counterclaim will prejudice it because of the imminence of the trial and pre-trial deadlines. The futility argument is addressed only to the Trustee's proposed Second Claim for Relief, in which she has requested a determination that Shear's lien is not valid because: (1) it was not filed within 4 months after its last work was done as required by C.R.S. § 38-22-109(4); (2) Shear did not record the notice of non-completion of the improvements within one-year of the filing date of the lien, as required by C.R.S. 38-22-109(8); and (3) Shear did not file an action to enforce the lien (or a notice under 11 U.S.C. § 546(b)(2)) within six months of completion of the work as required by C.R.S. § 38-22-110.

Shear argues that the Trustee has alleged no specific facts upon which these claims of invalidity are based. Shear next asserts that, according to *In re Cantrup*, 38 B.R. 148 (Bankr. D. Colo. 1984), Shear was not required to file a notice in lieu of commencing an action to enforce its mechanics lien within six months after the last work performed or completion of the project because the filing of its lien statement was the only act necessary to "perfect" its lien. According to Shear, the six-month period in which Shear had to commence a lawsuit would have expired after the commencement of Debtor's bankruptcy, and so was extended by 11 U.S.C. § 108(c) to 30 days after notice of relief from or termination of the automatic stay.

### Applicable Standards for Determination of the Motions

Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288 (10th Cir. 1991). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

5

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, 21 days after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." The Rule instructs the Court to "freely give leave when justice so requires." *Id.* The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.*"* *Minter v. Prime Equip. Co.* 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**Discussion**

**1. Cross-Motions for Summary Judgment on Illegibility of Lien Statement**

Colorado cases hold that the mechanics' lien statute is "manifestly equitable in purpose, and remedial in nature;" accordingly, liberal construction is favored, but there must be a "substantial compliance with all material requirements of the law." *Cannon v. Williams*, 14 Colo. 21 (1890). In the *Cannon* case, the statute required an abstract showing all charges and credits, as well as the total amount due, be attached to or incorporated in the lien statement. Where the lien at issue had only the total amount due, the court found that stating only the balance "can hardly be regarded even as an attempt" to comply with the abstract requirement. *Id.* at 24. Therefore, there was not substantial compliance with the statute, and the lien was not valid. The court also noted that, "where there has been a substantial compliance with the statute, mistakes that do not tend to deceive parties interested may be overlooked." *Id.*

In *Harris v. Harris*, 9 Colo. App. 211, 47 P. 841 (1896), the statute similarly required a lien statement to show the total amount of the indebtedness, the credits thereon, and the balance due. The claimant's lien listed the total contract price of $250.00, acknowledged that the owner had paid $125.00, but left a blank space for the amount still due and owing. In ruling that the lien substantially complied with the statute, the Colorado Court of Appeals found that all the information necessary to determine the amount of the lien appeared on the face of the lien. Accordingly, the lien satisfied the primary purpose of the statute: "to have the statement inform any interested party of the actual condition of the account, and the amount for which a lien is claimed." 9 Colo. App. at 219. The lien was valid because it "conveyed all the information necessary" to give sufficient notice.
*Id.* at 220.

In the present case, Shear clearly "attempted" to set forth the amount it claimed due, unlike the claimant in *Cannon* who was deemed not to have substantially complied with the statute. Also, a party viewing the real estate records could tell that Shear claimed at least $110,000.72 was due. In fact, the digit "9" in the thousands place is fairly discernible on the recorded statement of lien, making it likely that a party viewing the real estate records would believe at least $119,000.72 was claimed due. Such a party would be sufficiently on notice of the extent of Shear's claim and could determine the precise amount by further inquiry of Shear. The "mistake" in Shear's lien statement was not "deceptive," on its face. Accordingly, the Court finds it is not sufficient, under Colorado

6

case law, to invalidate Shear's lien.

Shear is accordingly entitled to a judgment in its favor on PSCU's second claim for relief, as to the validity of its mechanics' lien. It is proper for a defensive motion for summary judgment to point to a lack of evidence on an element of the plaintiff's case. *Celotex Corp. v. Catrett,* 477 U.S. at 322-23. Once Shear pointed out that PSCU's complaint states no other factual basis for invalidating Shear's lien, the burden was on PSCU to come forward with some evidence of another ground for invalidity of the lien, which it failed to do. *Id.* Neither party, however, has provided the Court with any factual information regarding the priority date of Shear's lien (see discussion below). Shear is not entitled to a summary judgment determining that its lien is prior to PSCU's.

## 2. Shear's Motion for Summary Judgment on Equitable Subrogation

Shear's motion for summary judgment on PSCU's equitable subrogation claim is primarily based on its unsupported factual statement that the first work on the project was done prior to the recording date of the Baum Deed of Trust. The complete lack of any supporting factual detail as to the date upon which Shear claims work was begun on the project is fatal to Shear's motion on this point.

The Court is also unable to determine, as a matter of undisputed fact, that PSCU is not entitled to equitable subrogation. Even if the five elements of equitable subrogation are met,[1] the doctrine is equitable in nature and dependent on the specific facts of each case. *Hicks v. Londre*, 125 P.3d 452, 457 (Colo. 2005). In particular, Shear has failed to establish as a matter of undisputed fact that it detrimentally relied on the state of record title to the property. This is an important fact-intensive issue that is key to Shear's claim that PSCU is not entitled to equitable subrogation. As with its argument concerning the beginning date of work on the project, Shear has completely failed to support its motion with any factual information regarding the nature, timing, and extent of its claimed detrimental reliance . Accordingly, Shear's motion for summary judgment on PSCU's first claim for relief will be denied.

## 3. Trustee's Motion to Amend Answer and Counterclaims

Shear opposes the Trustee's motion to amend her answer and counterclaim, contending that the proposed additional counterclaims are prejudicial and futile. The only basis on which Shear asserts prejudice is the (now-expired) discovery cut-off date and the trial date beginning February 24, 2013. Such prejudice will be negated if the Court resets discovery deadlines and reschedules the trial date, which, under the circumstance of this case, the Court determines is appropriate to do.

---

[1] These elements are: (1) the subrogee made the payment to protect its own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid (thus, a surety or guarantor would be able to subrogate to the rights of a senior lienholder); (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not prejudice the  intervening lienholder or lienholders. *Hicks v. Londre*, 125 P.3d 452, 456 (Colo. 2005).

Shear's argument that the Trustee's proposed amendment is futile because Shear was not required to file a notice under 11 U.S.C. § 546(a) in lieu of commencing an action to enforce its lien does not render all of the Trustee's proposed new claims futile. According to *In re Cantrup*, 38 B.R. 148 (Bankr. D. Colo. 1984), a mechanics' lien claimant only has to file its lien statement in order to "perfect" its lien. The filing of the lawsuit to enforce it is not an action to "perfect" the lien. Therefore, section 546(b)(2) (allowing filing of a notice with the bankruptcy court if a claimant is stayed from "perfecting" its lien) does not apply. While the *Cantrup* case may aid Shear in defeating the Trustee's claim that Shear's lien is invalid because Shear did not file an action to enforce its lien within six months of completion of the work, as required by C.R.S. § 38-22-110, the principal of the *Cantrup* case has nothing to do with whether Shear's lien statement was filed timely pre-bankruptcy, pursuant to C.R.S. 38-22-109(4), and it may not apply with respect to the filing of the continuation statement required by C.R.S. 38-22-109(8). Shear does not address these other allegations regarding invalidity of its lien, and accordingly has failed to establish that the Trustee's amendment is futile.

Based on the foregoing, it is

ORDERED that PSCU's Motion for Summary Judgment on its Second Claim for Relief is denied. It is

FURTHER ORDERED that Shear's Cross-Motion for Summary Judgment on PSCU's Second Claim for Relief is granted, in part, and PSCU's claim that Shear's mechanic's lien is invalid based on the partial illegibility of the amount claimed due is dismissed. Shear's Cross-Motion for Summary Judgment on PSCU's Second Claim for Relief is denied as to the relative priority of Shear's mechanic's lien. It is

FURTHER ORDERED that Shear's Motion for Summary Judgment on PSCU's First Claim for Relief for equitable subrogation is denied. It is

FURTHER ORDERED the Trustee's Motion to Amend Answer and Counterclaim is granted. It is

FURTHER ORDERED that the trial scheduled to begin on February 24, 2014 is VACATED. It is

FURTHER ORDERED that a scheduling conference to reset the trial and other pre-trial deadlines will be set by separate order.

Dated: December 31, 2013        BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge

8